James Yang

        Plaintiff,

    v.

Kohler Company,

        Defendant.

Case No.: 2:26-CV-00292

Hon. J.P. Stadtmueller

## DEFENDANT'S RULE 26 REPORT AND DISCOVERY PLAN

Defendant Kohler Co. (erroneously named as "Kohler Company") ("Kohler"). through its undersigned counsel, and pursuant to Fed. R. Civ. P. 26(f), Civil L. R. 16(a), Civil L. R. 26, and the Court's February 24, 2026 Comprehensive Protocols and Procedures Order ("Comprehensive Protocols Order"), submit the following Rule 26 Report and Discovery Plan:

1. <u>Conference of the Parties</u>: On April 30, and May 4, 2026, counsel for Kohler reached out to counsel for Plaintiff James Yang via email requesting to meet and confer on the parties' Joint Rule 26 Report and Discovery Plan. The May 4, 2026 email contained a draft joint Rule 26 Report and Discovery Plan. Plaintiff's counsel did not respond to either email. As such, to remain in compliance with the Comprehensive Protocols Order, Defendant is submitting its proposed Rule 26 Report and Discovery Plan.

2. <u>Court's Subject-Matter Jurisdiction</u>: This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because this action includes a claim arising under the laws of the United States—specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq* ("Title VII").

3.      Nature of the Case: Plaintiff, a former employee of Defendant, alleges that, during his employment, he was subjected to racial harassment that culminated in his constructive discharge, both in violation of Title VII. Defendant denies liability as to Plaintiff's claims.

4.      Contemplated Motions: Defendant anticipates filing a motion to dismiss. On April 13, 2026, the Parties held an initial meet and confer to discuss Defendant's anticipated motion to dismiss.  At that time, Plaintiff's counsel indicated his intent to file an amended complaint but, to date, has not done so. Since that time, counsel for Kohler reached out to Plaintiff's counsel via email a total of four times (April 23, 2026, April 27, 2026, April 30, 2026, and May 4, 2026) to request a meet and confer on the required executive summary to be filed in anticipation of a motion to dismiss. Plaintiff did not respond to the requests. As such, Defendant filed the executive summary without Plaintiff's position included. Defendant may file a motion for summary judgment pending factual development in discovery.

5.      Preserving Discoverable Information: Defendant is preserving certain discoverable information (including electronically stored information), including all records containing the information set forth in Paragraph 6(b) below.

6.      Discovery Plan: Defendant proposes the following discovery plan:

a.      Beginning of Discovery Period and Fed. R. Civ. P.  26(a)(1) Disclosures:

i.      Discovery shall open upon the Court's entry of the Scheduling Order; and

ii.      The Parties will make the initial disclosures required under Fed. R. Civ. P. 26(a)(1) on or before May 22, 2026.

b.      Possible Subjects of Discovery: Subjects on which discovery may be needed include but are not limited to the following:

2

i. The terms and conditions of Plaintiff's employment with Defendant;

ii. Plaintiff's internal complaint(s) to Defendant regarding alleged discrimination or harassment;

iii. Defendant's investigation(s) and response(s) to Plaintiff's internal complaint(s);

iv. Defendant's policies and procedures regarding discrimination, harassment, and retaliation;

v. The nature and extent of the damages incurred by Plaintiff as a result of Defendant's alleged violation of Title VII.

vi. Whether Plaintiff mitigated any alleged damages caused by Defendant by promptly seeking and obtaining subsequent employment and taking other mitigating measures.

c. <u>Approximate Time for Close of Discovery</u>: Defendant anticipates that discovery will be completed by January 5, 2026.

d. <u>Conducting Discovery</u>: Discovery should be focused on the particular issues set forth in Paragraph 6(b) above. Defendant does not believe that discovery should be conducted in phases. Defendant does not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules or the Local Rules.

e. <u>Discovery Disputes</u>: At this time, Defendant is not aware of any discovery disputes. If any such disputes arise, Defendant will follow the requirements of Civil L. R. 37.

f. <u>Electronically Stored Information</u>: Defendant anticipates that the case will involve discovery of electronically stored information ("ESI"). Defendant believes that the Parties should confer regarding the form of an appropriate ESI protocol and the reasonable accessibility

3

of and burden of discovery of ESI.  Defendant does not anticipate issues with the production of ESI.  Defendant believes that the Parties should produce ESI in PDF format but reserve the right to request the ESI in native format if necessary.

7.      Settlement Discussions: Defendant believes that the Parties intend to engage in settlement discussions.

8.      Expert Discovery: Defendant anticipates the need to present expert testimony and anticipate depositions of experts. Defendant is unaware of any need to limit expert testimony at this time.  Should Defendant determine that such a need exists, Defendant will meet and confer in good faith on these issues with Plaintiff.

9.      Proposed Scheduling Order: Defendant proposes the following proposed scheduling order:

      a.      Amendments to the Pleadings: By May 19, 2026; thereafter by leave of the Court.

      b.      Disclosure of All Expert Witnesses:

          Plaintiffs: November 6, 2026

          Defendants: December 4, 2026

      c.      Discovery Cut-Off: January 5, 2027

      d.      Dispositive Motions: February 5, 2027

      e.      Fed. R. Civ. P. 26(a)(3) Disclosures, Motions in Limine, Proposed Voir Dire Questions, Jury Instructions, and Verdict Forms: To be set at a date and time convenient for the Court and the Parties.

      f.      Pretrial Conference: To be set at a date and time convenient for the Court and the Parties.

4

g. <u>Trial</u>: To be set at a date and time convenient for the Court and the Parties.

10. <u>Electronic Service</u>: Defendant proposes that the Parties agree to accept service of discovery via email.

Dated this 5th day of May, 2026.

HUSCH BLACKWELL LLP
Attorneys for Defendant Kohler Co.

By: /s/ *Laura L. Malugade*
Laura L. Malugade
Eric R. Locker
HUSCH BLACKWELL LLP
511 N. Broadway, Suite 1100
Milwaukee, Wisconsin 53202
Telephone: 414.978.5497
Fax: 414.223.5000
Email: Laura.Malugade@huschblackwell.com
Eric.Locker@huschblackwell.com

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and accurate copy of the foregoing has been filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system this 5th day of May, 2026.

*/s/ Laura L. Malugade*

6